LOUIS FRIEND, PLAINTIFF, v. SCOTTISH UNION AND NATIONAL INSURANCE COMPANY, A CORPORATION, DEFENDANT.

Argued May 5, 1926—Decided November 11, 1926.

Subdivision 3 of section 59 of chapter 134 of the laws of 1902 (*Pamph. L., p.* 407), which provides as a prerequisite for engaging in business in this state that a duly executed instrument shall be signed by a foreign insurance company making the commissioner of banking and insurance the agent of said insurance company upon whom legal process in any action against said foreign insurance company may be served, does not make such method of service exclusive.

---

On motion to vacate service of process.

Before Justices KALISCH and KATZENBACH.

For the motion, *Joseph T. Lieblich.*

*Contra, Feder & Rinzler.*

The opinion of the court was delivered by

KATZENBACH, J.  This is a motion to vacate the service of a summons.  The plaintiff took out a policy in the Scottish Union and National Insurance Company, a foreign corporation, to insure him against the theft of a Hudson sedan car. The car was stolen in August, 1925.  The loss was not adjusted and the assured commenced an action against the company.  The sheriff of Essex county made the following return upon the summons:

"Served the within summons and complaint February 20th, 1926, personally upon E. H. Diffily, agent in charge Scottish Union and National Insurance Company, Incorporated, within-named defendant, at his principal place of business, 31 Clinton street, Newark, New Jersey."

The defendant filed a special appearance for the purpose of making this motion.  The plaintiff was served with a notice of argument of the present motion and copies of affidavits of the deputy commissioner of banking, Elizabeth H. Diffily and A. MacKechnie, Jr.  The affidavit of the deputy commissioner was to the effect that the defendant was a foreign company and had duly complied with chapter 134 of the laws of 1902 and had appointed the commissioner of banking and insurance as its statutory agent for the service of original process in any action instituted against.  The affidavit of Miss Diffily states that she was employed by A. MacKechnie, Jr., who was a special agent of the defendant, a foreign insurance company, and had never been authorized to accept service of process upon the defendant.  The affidavit of Mr. MacKechnie sets forth with particularity his relations to the defendant and states that he had never been authorized by the defendant to act as its agent for the service of process and that it had designated the commissioner of banking and insurance as its statutory agent for this purpose.  The affidavit further states that Miss Diffily was employed in part by

others who shared with him the office in which he transacted his business.

The plaintiff filed affidavits setting forth correspondence between MacKechnie and the attorney of the plaintiff with reference to the loss, from which he argues that the service mentioned was in effect service upon MacKechnie who was the state agent of the defendant. There is no stipulation in the record that the motion shall be heard upon these *ex parte* affidavits. The plaintiff in his brief argues that the motion cannot be decided upon *ex parte* affidavits. In the absence of a stipulation to this effect we think the plaintiff's contention is well founded as the practice is to apply for a rule to show cause upon *ex parte* affidavits, and if the rule is allowed then depositions under the rule are taken and these depositions are the only ones which the court should consider on final argument of the motion. *Baldwin* v. *Flagg,* 43 *N. J. L.* 495; *Missell* v. *Hayes,* 86 *Id.* 348.

The defendant further contends that assuming the service made was a proper service under section 88 of the Corporation act of 1896, that such a service would not be a service upon the defendant, for the reason that chapter 134 of the laws of 1902 (2 *Comp. Stat., p.* 2854), which provides in section 59 for the service of process in an action against a foreign insurance company by the delivery of the summons to the commissioner of banking and insurance and making such commissioner an agent for the corporation for the service of process, repeals section 88 of the Corporation act of 1896. This question can be decided upon this motion, for the reason that the plaintiff does not contend that service was made in pursuance of section 59 of chapter 134 of the laws of 1902. After giving due consideration to the argument of the defendant in this respect we have reached the conclusion that the provision contained in chapter 134 of the laws of 1902 relative to the service of process upon foreign insurance corporations is not exclusive and does not prevent the service of summons upon a foreign corporation under section 88 of the Corporation act of 1896. Section 59 of chapter 134 of the laws of 1902 provides as one of the requirements for admission of a foreign insurance company

to do business in this state that it shall by a duly executed instrument filed in the department of banking and insurance constitute the commissioner of banking and insurance, and his successors in office, its true and lawful attorney upon whom all original process in any action or legal proceeding against it may be served. It will be noted that the word "may" and not "must" is used in this act. In a statute the word "may" is only to be construed as meaning "must" or "shall" in those cases where the public interest and rights are concerned and where the public or a third person have a claim *de jure* that the right shall be exercised. In other cases the enactment is not imperative, but left to sound discretion. *Seiple* v. *Borough of Elizabeth,* 27 *N. J. L.* 407. The act under consideration is not one where the public interest and rights are concerned and where the public or third persons have a claim *de jure* that the right shall be exercised. We, therefore, have reached the conclusion that the word "may" is not to be construed in this act as mandatory, making the method of service provided in the act exclusive.

Section 59 of chapter 134 of the laws of 1902 does not make the office of the commissioner of banking and insurance the office of the corporation. There are a number of provisions in the Corporation act (Revision of 1896) which require a foreign corporation doing business in this state to have a principal office in this state and an agent in charge thereof upon whom process against the corporation can be served, as, for example, the provision in sections 43 and 43-a with reference to the reports to be made by domestic and foreign corporations. To hold that the provision of chapter 134 of the laws of 1902 with reference to service of process upon foreign insurance companies was exclusive would be to hold that these various provisions of the Corporation act were impliedly repealed. We do not think this was the intention of the legislature when it enacted the law under consideration.

The case of *Carr* v. *Aetna Accident and Liability Co.,* 106 *Atl. Rep.* 107, appears to be a case in point. The question submitted to the Supreme Court of Pennsylvania in this case

'was whether an act providing that all legal process in any action against foreign insurance companies may be served upon the insurance commissioner should be held to constitute a method of exclusive service. It was held not to constitute such a method of exclusive service.

These views lead to the denial of the motion to set aside the service of process in the present action.