[No. 23739.   Department One.   June 13, 1932.]

CHARLES H. PAUL et al., *Appellants*, v. SAGER STANLEY, *Respondent and Cross-appellant*.[1]

*O. B. Thorgrimson, Howard A. Adams,* and *Charles Horowitz,* for appellants.

*William Hatch Davis,* for respondent.

*F. L. Stotler, Tim Healy, E. L. Casey, W. B. Chandler, L. R. Bonneville,* and *Frank P. Helsell, Amici Curiae.*

[1]Reported in 12 P. (2d) 401.

372

HERMAN, J.—Plaintiffs Charles H. Paul and Cecil C. Hallin, who are duly licensed lawyers engaged in the practice of their profession in Cowlitz county, Washington, have instituted this suit on behalf of the attorneys practicing law in Cowlitz county, the people and the courts of the state of Washington. The purpose of the suit is to enjoin the defendant from practicing law without a license.

When the case came on for trial in the superior court, the defendant appeared in his own behalf, unassisted by any lawyer. He was called as an adverse witness, and, among other things, testified to the following: That he was a resident of Woodland, Cowlitz county, Washington; that he was a notary public and a licensed and bonded real estate agent and broker; that he had been engaged in business in Cowlitz county since 1923, and intended to continue carrying on his business; that he had drawn various instruments for compensation, claiming the right so to do, and stating it was his intention to continue.

· In the course of his business, he had prepared community property agreements for compensation, usually by filling in printed blank forms from information given by the client. In connection with the preparation of such instruments, he has advised clients that, upon the death of one of the parties to the agreement, the property would accrue to the other without the necessity of probating the estate. He had drawn wills for compensation, and had been paid for drawing many warranty and quit claim deeds. If the clients did not know what kind of a deed they wanted, he advised them of the different kinds.

The defendant prepared claims of lien for others, and gave advice as to the place and time they should be filed, and upon whom and when they should be served. He also drew conditional sales contracts, in-

forming clients under what conditions the property was being sold and the respective rights of the parties. He advised clients of the necessity, time and place of filing chattel mortgages and conditional sales contracts. He drew other contracts for compensation.

The defendant was undecided at the time of the trial whether he had the right to draw articles of incorporation, but he testified that if, after thinking about the matter, he thought he had the right to draw such articles, and they were not too complicated and he could draw them properly, he would do it for compensation. He further testified that he gave legal advice for nothing, and expected to continue so to do.

The defendant testified that he had slides shown on the screen by a local moving picture house, on which advertisement the words "legal documents" appeared. He also by word of mouth informed others about his business. He had prepared creditors' claims in probate proceedings, advising clients where and when these should be filed and served. He expressed his intention of continuing to prepare such claims, and to make a charge therefor. He testified he was not admitted to the bar.

The trial court entered a decree which, omitting the title, preliminary recitals, award of costs, statement of the date and place of signing and signature of the judge, was as follows:

"It is hereby ordered, adjudged and decreed that the defendant be and hereby is enjoined from practicing as an attorney or counsellor at law, and/or doing work of a legal nature for compensation for others, and/or representing himself as qualified to do work of a legal nature, and/or from advertising that he is competent to draw legal documents and/or to give advice concerning the legal rights of persons, and/or directly or indirectly, by making a practice of giving legal advice free of charge or otherwise, soliciting business of a legal nature.

374

"In particular, it is further ordered, adjudged and decreed that the defendant be and hereby is enjoined from preparing papers, pleadings and documents for others connected with proceedings pending or prospective before a justice court or superior court of this state; from advising and counselling persons as to their legal rights, whether in connection with the drawing of legal instruments, documents and papers relating to the legal rights of persons, or otherwise; from preparing or drawing for others, for reward, present or prospective, or without reward or consideration, deeds, mortgages, leases, agreements, contracts, bills of sale, chattel mortgages, wills, notes, conditional sales contracts, relating to either real or personal property, options, powers of attorney, community property agreements, liens, bonds, mortgage assignments, mortgage releases, chattel mortgage satisfactions, creditors claims in probate, notice to vacate premises, notices to quit or pay rent, vendors statements of creditors under the bulk sales law, articles of incorporation, and any other documents requiring the use of knowledge of law in their preparation.

"It is further ordered, adjudged and decreed that this injunction shall become inoperative and of no force and effect when and if the defendant shall become duly admitted to practice law in this state, as authorized by its laws.

"It is further ordered, adjudged and decreed that this decree, however, shall be without prejudice to the right of the defendant, so long as he remains a duly authorized notary public of this state, to take acknowledgments and affidavits and do the necessary scrivener work in connection therewith, and to draw simple deeds, simple mortgages and simple contracts, and similar simple instruments."

Plaintiffs appeal from that portion of the decree which provides:

"It is further ordered, adjudged and decreed that this decree, however, shall be without prejudice to the right of the defendant, so long as he remains a duly authorized notary public of this state, . . .

to draw simple deeds, simple mortgages and simple contracts, and similar simple instruments.''

The respondent has cross-appealed from that portion of the decree which enjoins the preparation for others, with or without reward, of deeds, mortgages, leases, agreements, contracts, bills of sale, chattel mortgages, notes, conditional sale contracts, options, powers of attorney, liens, bonds, mortgage assignments, releases or satisfaction, creditors claims in probate, notice to vacate premises or to pay rent.

In the case of *State ex rel. Rohde v. Sachs,* 2 Wash. 373, 26 Pac. 865, 26 Am. St. Rep. 857, the court held the right of an attorney to appear in court as an attorney of that tribunal ''was property and could not be taken from him except by due process of law.'' *Walker v. Stone,* 17 Wash. 578, 50 Pac. 488, involved a principle similar to that being here considered. There the court decided that a license to fish, granted by the state, is a franchise, and the holder thereof is entitled to maintain an action for injunction against any infraction of his rights. In the course of its opinion in that case, the court said:

''The fact that it is deemed a misdemeanor does not militate against its protection in equity. The respondent, having a license and constructing his net, was entitled to an injunction against any infraction upon the rights under his franchise.''

So, in the case at bar, the mere fact that the practice of law without a license is punishable criminally, does not prevent equitable relief to plaintiffs.

Rem. Comp. Stat., § 139-4, provides:

''No person shall be permitted to practice as an attorney or counselor at law or to do work of a legal nature for compensation, or to represent himself as an attorney or counselor at law or qualified to do work of a legal nature, unless he is a citizen of the United

States and a bona fide resident of this state and has been admitted to practice law in this state: Provided, that any person may appear and conduct his own case in any action or proceeding brought by or against him, or may appear in his own behalf in the small claims department of the justice's court; and provided further, that an attorney of another state may appear as counselor in a court of this state without admission, upon satisfying the court that his state grants the same right to attorneys of this state.''

We will first consider respondent's cross-appeal. He maintains that those activities from the prohibition of which he cross-appeals, are not such as are incident to the administration of justice; that they are activities relating to the preparation of ordinary business instruments, and are of such a character as have been commonly prepared by laymen. The question presented by the cross-appeal is: Does the preparation for others, with or without reward, of deeds, mortgages, leases, agreements, contracts, bills of sale, chattel mortgages, notes, conditional sales contracts, options, powers of attorney, liens, bonds, mortgage assignments, releases, or satisfactions, creditors' claims in probate, notice to vacate premises or to pay rent, constitute unlawful practicing as an attorney or counselor at law, or the unlawful doing of work of a legal nature, within the meaning of Rem. Comp. Stat., § 139-4?

It will be observed that all of the foregoing instruments, which respondent claims he was wrongfully enjoined from preparing, are instruments which undertake either to define, set forth, limit, terminate, specify, claim or grant legal rights. The evidence clearly established the fact that respondent not only prepared legal documents, but also gave legal advice. A person who gives legal advice to those for whom he draws instruments, or holds himself out as competent

to do so, does work of a legal nature, when the instruments he prepares either define, set forth, limit, terminate, specify, claim or grant legal rights.

Rem. Comp. Stat., § 139-4, provides it shall be unlawful for any person not admitted to practice law "to do work of a legal nature for compensation." A consideration of the statute persuades us it was not the purpose of the legislature to protect the individual who pays nothing for work of a legal nature against incompetency on the part of the person doing the work. The portion of the decree from which respondent has cross-appealed should be amended to read as follows:

" . . . from preparing or drawing for others, for reward, present or prospective, deeds, mortgages, leases, agreements, contracts, bills of sale, chattel mortgages, wills, notes, conditional sales contracts, relating to either real or personal property, options, powers of attorney, community property agreements, liens, bonds, mortgage assignments, mortgage releases, chattel mortgage satisfactions, creditors claims in probate, notices to vacate premises, notices to quit or pay rent, vendors statements of creditors under the bulk sales law, articles of incorporation, and any other documents requiring the use of knowledge of law in their preparation."

As above set forth, appellants appeal because of the refusal of the court to enjoin respondent from drawing "simple deeds, simple mortgages, simple contracts and similar simple instruments." Webster's New International Dictionary of the English Language defines the word "similar" as "having a general likeness." In other words, the court expressly permitted respondent to draw simple instruments "having a general likeness" to simple deeds, simple mortgages and simple contracts. Deeds, mortgages, contracts, and instruments "having a general likeness," either define,

set forth, limit, terminate, specify, claim or grant legal rights. The evil from which Rem. Comp. Stat., § 139-4, is designed to protect the public is not done away with by permitting the respondent to draw simple instruments which either define, set forth, limit, terminate, specify, claim or grant legal rights.

In the case of *People v. Title Guarantee & Trust Co.,* 227 N. Y. 366, 125 N. E. 666, Judge Pound, in a concurring opinion, said:

"I am unable to rest any satisfactory test on the distinction between simple and complex instruments. The most complex are simple to the skilled and the simplest often trouble the inexperienced."

In view of the proof that respondent was giving legal advice, the trial court erred in holding that the decree should be without prejudice to respondent's right to draw simple deeds, simple mortgages, simple contracts and similar simple instruments. That portion of the decree from which appellants have appealed was erroneous, and should not have been embodied therein.

Neither party shall recover costs on this appeal.

Remanded, with instructions to modify the decree in accordance with this opinion.

MAIN, MILLARD, MITCHELL, and BEALS, JJ., concur.