IN THE MATTER OF THE APPLICATION TO HOLD FREDERICK BUGASCH, INCORPORATED, A CORPORATION OF NEW JERSEY, AND OTTO, A. KASPER, IN CONTEMPT OF COURT.

Argued May 2, 1934—Decided October 15, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the rule, *Charles DeF. Besore.*

The opinion of the court was delivered by

PERSKIE, J. This matter comes up before us, on permission granted April 5th, 1934, in open court, to reargue a rule to show cause, issued at the instance of the Hudson County Bar Association, in co-operation with the Conference of County Bar Associations, why the defendants should not be adjudged in contempt of this court, in that they practiced law without having been licensed to do so.

The illegal practice, it is charged, consisted of services rendered by the defendants to the estate of Emma S. Markert, deceased, in the probate of her will, preparing and filing inventory for inheritance tax purposes; the drawing and recording of two refunding bonds and releases.

It shall, perhaps, be helpful if we restate, as it is represented to us, the various steps in the cause already taken and the results thereof.

On the return of the original rule to show cause the bar associations appeared by their counsel, as *amicus curiæ,* and brought this matter to the attention of the court. Defendants also appeared. The moving parties realizing, by reason of the nature of the cause, that they were powerless to proceed further, as *amicus curiæ,* without authority from this court to do so, moved that this court appoint counsel to prosecute the cause in behalf of the court.

The court then requested the bar associations to file a brief directed to the jurisdiction of the court and the practice to be followed, which was subsequently prepared and filed by them. but the court did not appoint counsel to proceed. The defendants' counsel informed the court that his clients were willing to have testimony taken by depositions rather than in open court. but filed no brief.

Subsequently the court dismissed the rule (No. 284, October term, 1933). In doing so it said:

"The only proofs before us consist of *ex parte* affidavits upon which the rule to show cause issued. *Ex parte* affidavits

may be used for the purpose of obtaining a rule to show cause, but are not competent to prove facts necessary to support a motion not of course, or to be read on the hearing on a rule to show cause, depending on facts extrinsic the record. Such facts can only be brought before the court by depositions taken on notice. *Baldwin* v. *Flagg*, 43 *N. J. L.* 495, and cases there cited; *Friend* v. *Scottish Union, &c., Insurance Co.*, 103 *Id.* 290; 136 *All. Rep.* 718."

"We have not considered either the merits or the applicability of the general procedure."

The bar associations then made application to the court for a reargument, pointing out its embarrassment, already indicated, whereupon leave to reargue was granted.

Specifically and in the words of the bar associations, "the present application is the same as that made on the return of the rule, namely, that the defendants be required to plead, and if they plead not guilty, that counsel for the *amici curiæ,* or other counsel, be appointed to prosecute the matter in the name of this court, either by a hearing held before the court, at a day to be fixed, or by taking of depositions if the defendants consent thereto."

The bar associations seek to impress upon the court that this cause was instituted as part of a nation-wide movement, sponsored by the American Bar Association, against unauthorized practitioners of the law. And that there need be no embarrassment as to compensation for counsel. The concluding sentence of the brief submitted to this as well as the original application is: "No doubt the voluntary services of counsel can be obtained since the action is prosecuted in the interest of the bar and to this end the Hudson County Bar Association and the conference offer their best offices to the court."

It is undoubtedly a fact that the proceedings sponsored as it is by local, state and national bar associations, has for its purposes the vindication of the court's dignity and the preservation of the power of the court. While the result of such a prosecution may, and undoubtedly does ultimately inure to the individual benefit of those members of the profession who are properly licensed, nevertheless, they are justly

entitled to the emoluments, rewards and fees incident to their calling. And moreover, this resultant individual benefit does not change the character of the offense charged. The charge, if sustained, is an offense against organized society. It raises an issue between the public and the accused involving no private rights. It appears to be criminal and punitive in its nature. *Thompson* v. *Pennsylvania Railroad Co.*, 48 *N. J. Eq.* 105; 21 *Atl. Rep.* 182; *In re Merrill*, 88 *N. J. Eq.* 261; 102 *Atl. Rep.* 400; *Dodd* v. *Una*, 40 *N. J. Eq.* 672; 5 *Atl. Rep.* 155.

While the court is, of course, impressed and concerned with the efforts of all and particularly those of the bar associations, which have for its purposes the vindication and preservation of its powers; for they are wholesome and praiseworthy objectives, nevertheless we are of the opinion that we should not resort to or exercise the inherent, but none the less drastic and extraordinary power and right of this court, to punish, under all circumstances, those who appear to have committed an act or acts which may be construed as being in contempt of court. It is a power that is not and should not be exercised lightly.

We are not, under the facts and circumstances of the instant case, inclined to exercise or resort to the mighty power of this court to punish the alleged wrongdoers by and through the process of contempt proceedings.

Prosecutors are not without a remedy. If the defendants practiced law without a license they are guilty of a criminal offense. *In re Merrill, supra; New Jersey Photo Engraving Co.* v. *Schonert & Son*, 95 *N. J. Eq.* 12; 122 *Atl. Rep.* 307. And they are amenable to the criminal laws of our state. *Pamph. L.* 1913, *p.* 358; *Pamph. L.* 1924, *p.* 308; *Pamph. L.* 1928, *p.* 676.

For the reasons indicated the application is denied.