## UNAUTHORIZED PRACTICE OF LAW, In Re

Ohio Appeals, 2nd Dist, Franklin Co

No 2755. Decided Dec 30, 1937

James I. Boulger, Columbus, for appellant.

W. B. McLeskey, Columbus, for appellees.

Joseph L. Stern, Cleveland, Nathan William MacChesney, and The American Bar Association, amicus curiae.

## OPINION

### By THE COURT

The above entitled cause is now being .determined on error proceedings under an appeal on a question of law by Ivan H. Gore.

The action in the trial court was instituted by the Grievance Committee of the Columbus Bar Association, the Lawyers' Club and the Barristers' Club, of Columbus, Ohio. The petition is rather lengthy, but in substance duly lodges a complaint against the respondent Gore, charging that he is unlawfully engaged in the practice of law.

The respondent Gore filed an answer, through which he admitted certain allegations of the petition but generally and specifically denied that he was practicing law.

There is very little, if any, dispute on the question of fact. The entire controversy revolves around the legal question as to whether or not the facts as found by the trial court would constitute the practice of law.

The following constitutes the essential facts:

The respondent, Ivan H. Gore, was a real estate broker, having been operating as such and duly licensed for ten or more years, and within the City of Columbus; that he was not admitted to practice law in this or any other state nor does he claim any authority to practice. In his real estate brokerage business it was his regular custom to draw up contracts between the seller and purchaser but only in instances where he was the acting broker for either the seller or purchaser, or both. These contracts were described as simple contracts and blanks for same were purchased from blank book houses having same for sale. He would select the appropriate blank. No charge would be made for the drafting of such contract other than the indirect compensation that he would receive as broker in closing the transaction. Very generally the brokerage charge or commission would be appended and executed through being signed by the party or parties obligated to pay the same. In addition, the respondent Gore would prepare other instruments essential to the consummation of the deal. These were enumerated as deeds, mortgages, land conracts, leases and so forth. The respondent Gore would always select the blank which he deemed necessary to properly carry out and consummate the deal. If complicated situations would arise, Gore would refer the parties to their attorneys. His work in this line was limited entirely to instances where he was acting as the real estate broker. In short, Gore did no more than to select what he considered the proper form of instrument and thereafter filled in blanks and presented to the necessary parties for execution. He was not a notary public, and where the instruments were required to be acknowledged, this work would be done by a person duly authorized.

Very exhaustive and comprehensive briefs have been presented. In addition to the briefs filed by counsel representing the interested parties, we also have before us briefs on behalf of others, filed as amicus curiae. In this classification are the following: The Ohio State Bar Association Committee on Unauthorized Practice of Law; The National Association of Real Estate Boards; The American Bar Association.

All of these briefs disclose a very exhaustive research and therein we are referred to not only the decisions of the reviewing courts of this state but also to those from many other jurisdictions. We are also favored with the typewritten opinion of the trial court.

We have taken the time to examine each and every authority cited.

However, on final analysis we are of the opinion that the Supreme Court of Ohio has announced principles which, under the rule of stare decisis, we are bound to follow. Parenthetically, we might say that we find no marked variance in the decisions from other states. The last decision of our Supreme Court, involving similar questions, is that of **Judd, et appellees v The City Trust and Savings Bank et, appellants, 133 Oh St 81.** The bound volume containing the above decision is not yet published. Same will be found in the Ohio State Bar Association Report, under date of December 20, 1937. Again we might say that we have delayed releasing the opinion in the instant case awaiting the opinion of the Supreme Court in the Judd case.

In 1934 the Supreme Court of Ohio de-

cided the case of The Land Title Abstract and Trust Company v Dworken et, 129 Oh St 33. Both cases involve the question of the unauthorized practice of law and have many things in common with the instant case.

It is our conclusion that the principle announced in the two reported cases by the Supreme Court are determinative of our question against the respondent Gore. Arriving at this conclusion and being in accord with he very able and well considered opinion of the trial court, we do not deem it necessary to re-state the principles. To do so would add nothing in substance.

The judgment of the Common Pleas Court will be affirmed and costs adjudged against the appellant.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.

## ON APPLICATION FOR REHEARING

### Decided Jan 25, 1938

By THE COURT

The above entitled cause is now being determined on appellant's application for rehearing, or in the alternative, for clarification of decision.

We have carefully examined the application in connection with our original opinion and fail to discern the infirmity which counsel think is found therein. In the first place our conclusion as expressed in the original opinion was predicated on the two decisions of the Supreme Court of Ohio, reference being specifically made to the title and the book and pages of the Ohio Supreme Court Reports. As we view it nothing is said in any of the cases, including our opinion, which could possibly be construed as prohibiting Gore from preparing any document in which he is a direct party. In other words, Gore would have a perfect right to make draft of contract of employment of himself as a broker to sell real estate. Following the reasoning of the Supreme Court it must be determined that his selecting the appropriate blanks for others or the filling out of such blanks for others in the furtherance of a real estate transaction would be practicing law. The gravemen of the conduct said to be improper is making for others the determination of what constitutes a proper blank and then filling in what he conceives to be the proper substance to carry out the transaction.

The application for rehearing will be overruled.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.