PATERSON STOVE REPAIR COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. FRANK RITZER, RESPONDENT.

Submitted May 2, 1939—Decided August 14, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Jack Allshuler.*

For the respondent, *Harry S. Shuback.*

The opinion of the court was delivered by

PERSKIE, J. Did the trial judge act in excess of power, as prosecutor claims he did, when, under the circumstances of the case at bar, he opened a prior default judgment against respondent, granted a new trial and stayed all proceedings to enforce the collection of the judgment thus entered against respondent until the further order of the court?

The facts giving rise to the stated question are simple. On June 26th, 1930, prosecutor instituted suit against Carl Ritzer and Frank Ritzer, trading as Ritzer Bros., for the recovery of $206.23 for goods sold and delivered to the partnership in 1930. The summons was made returnable July 7th, 1930. The return of the constable reads as follows: "I served the within summons June 27th, 1930, on defendants themselves, by reading it to them and giving them a copy thereof." The cause was adjourned to July 21st, 1930, when a judgment of $224.23, plus $16.41 costs, was entered by default against both defendants as sued.

The record of subsequent proceedings, as printed, is incomplete; but the state of case contains a copy of an examination in supplementary proceedings of the respondent, Frank Ritzer, on November 17th, 1930, "pursuant to an order made in the above entitled action on the 10th day of November, 1930." The order is not printed; but the recital of that order necessarily implies the issue of an execution as against the goods and chattels of Frank Ritzer, and the return of that execution unsatisfied, prior to the order of examination, as until 1933 the statute required these preliminary steps. Frank Ritzer appeared and was examined without any protest or suggestion that he had not been served with summons; and so far as the case shows, his first claim of non-service was about seven years later, when the statute of limitations had run, and an execution in Morris county had been returned unsatisfied, an alias execution issued to the sergeant-at-arms of a District Court in Warren county (*R. S.* 2:32-155) and (as may be read between the lines) leviable assets had been found in that county, as it does not appear that such alias execution had been returned.

On November 18th, 1938, Frank Ritzer filed a verified petition in the above cause setting forth that the partnership between his brother and himself had been dissolved prior to 1929; that at the time of the dissolution the partnership was indebted to prosecutor in the sum of $82 which he (Frank Ritzer) personally paid and was given a receipt showing full payment; that he advised prosecutor's representative that he was no longer in partnership with his brother, and that any credit extended to his brother, Carl, would be on the sole obligation of the latter. Respondent further stated in this petition that he was never aware of the suit which resulted in the judgment against himself and his brother; that he was never served with any "papers" and that he had no knowledge of any "papers" ever having been served on any member of his family; that if service was effected on Carl the latter either negligently or willfully withheld advising respondent, and that he was not liable for the debt. A rule was allowed to show cause (1) why the judgment against Frank Ritzer should not be vacated; or (2) why said judgment should not be reopened permitting said Frank Ritzer "to enter a defense to said action," and staying proceedings on the judgment as to him.

On the return of the rule respondent offered supporting proof in affidavit form; prosecutor also offered proof in like form in which it denied that it ever received any notification of the withdrawal of respondent from the partnership until that fact was disclosed in respondent's petition; that it had made the sales, for which judgment was recovered, to both Carl and respondent as co-partners, and that *respondent had knowledge* of the judgment because when he was examined in discovery proceedings on November 17th, 1930, he did not deny that he owed the money for which the judgment had been obtained. Incidentally, there is nothing in that testimony, as submitted but claimed to be incomplete, to indicate that respondent was asked whether he owed the debt; nor is there anything to indicate that respondent then claimed that he did not owe the debt.

Upon the proofs, in the form submitted, the judge entered an order on December 5th, 1938, opening the judgment as

against respondent; he set a date for a new trial, and stayed all proceedings to enforce the collection of the judgment until the further order of the court. Mr. Justice Bodine allowed a writ of *certiorari* to review that order.

*First:* Two preliminary questions as to procedure require consideration.

1. Prosecutor raises the point that the order under review is illegal because it is based upon *ex parte* affidavits and not upon depositions or testimony. The point is well taken. The practice is settled. *"Ex parte* affidavits may be used for the purpose of obtaining a rule to show cause, but are not competent to prove facts necessary to support a motion not of course, or to be read on the hearing on a rule to show cause, depending on facts extrinsic the record. Such facts can only be brought before the court by depositions taken on notice." *Baldwin* v. *Flagg,* 43 *N. J. L.* 495; *Peer* v. *Bloxham,* 82 *N. J. L.* 288; 81 *Atl. Rep.* 659; *Friend* v. *Scottish Union, &c., Insurance Co.,* 103 *N. J. L.* 290; 136 *Atl. Rep.* 718; *Josephson* v. *Siegel,* 110 *N. J. L.* 374, 376; 165 *Atl. Rep.* 869; *In re Frederick Bugasch, Inc.,* 12 *N. J. Mis. R.* 788, 790; 175 *Atl. Rep.* 110; *Vredenburgh* v. *Weidmann,* 14 *N. J. Mis. R.* 285, 287; 183 *Atl. Rep.* 459. But inasmuch as the return indicates that both parties used *ex parte* affidavits, without objection, the cause will be determined as it has been presented. The same course was followed in *Baldwin* v. *Flagg, supra,* (see *p.* 497).

Frank Ritzer challenges the inclusion in the state of case of his testimony allegedly taken under an order for discovery. The claim is that it is incomplete and that it is no part of the return to the writ. The testimony taken does not appear to be part of the return and is, therefore, not properly before us. But it could readily be brought up by an amended return and is significant as charging respondent with knowledge of the judgment in 1930. So it will be treated as if brought up by a rule in regular course.

*Second:* It is clear that the challenged order is not based upon newly discovered evidence. The provisions of *R. S.* 2:32-121 requiring that the application for a new trial in such circumstances be made within thirty days after judgment

are not applicable. Rather is the challenged order based upon the inherent power of the court to control its own judgments; here a default judgment. *Cf. Lutter* v. *Neubauer,* 100 *N. J. L.* 17; 127 *Atl. Rep.* 924.

The trial judge did not, under the first branch of the rule to show cause order the judgment vacated *in toto.* In this we think he acted discreetly, in view of possible estoppel arising from the inferable facts that Frank, in 1930, respondent to an order in supplementary proceedings without any suggestion that the return of service of summons was false or erroneous, or that the entry of judgment was improvident, and that not until the statute had run and an alias execution had followed him into another county, did he raise that point. So far, therefore, as concerns jurisdiction over the person, the judgment stands, and the new trial will be purely on the merits of the defense that the debt was incurred by Carl as his individual debt and after due notice to prosecutor of the prior dissolution of the partnership. In the meantime as in other cases of opening a default judgment to let in a meritorious defense, the lien of the judgment remains, with the usual right to issue executions and levy thereunder, but without advertisement of sale.

The cause is remanded to the court below, there to be treated consistently with this opinion. Costs to abide final event.