## DADE COUNTY BAR ASS'N., et al v. KEYES CO.

Circuit Court, Dade County.
March 21, 1949.

Loftin, Anderson, Scott, McCarthy & Preston, Robert H. Anderson and Milton M. Ferrell, Miami, for plaintiffs.

Grady C. Harris, Miami, for defendant.

W. H. Poe, Orlando, for Florida Association of Realtors, intervenor.

GEORGE E. HOLT, Circuit Judge.

Plaintiff seeks to enjoin the defendant from unauthorized practice of law. Defendant is a large real estate firm operating in this community and state. The testimony—in which there is little if any conflict—indicates that the firm makes it a practice to fill out leases, lease agreements, rental contracts, deeds and mortgages—all without benefit of attorneys. Its employees attend closings of sales of real estate and other transactions of a similar nature. Sometimes, but very seldom, one of the parties is represented by an attorney—usually neither party is represented by counsel. Records of the defendant introduced in evidence reflect a persistent line of conduct of the nature described over a period of years.

Defendant contends that if this constitutes the practice of law, the times, the nature of the work and economic factors involved have all combined to establish a custom in the real estate business — and this custom through constant use and recognition by the community now has the full effect of law. As a second line of defense, it contends that the law of the state authorizes real estate brokers and salesmen to fill in legal forms and handle closings without employment of counsel.

Defendant corporation thus admits the acts with which it is charged, but states its reasons for performing the acts by way of confession and avoidance. The question to be determined is whether its activities constitute the practice of law so as to warrant injunctive relief.

That the defendant is practicing law is without question. The practice of law is not confined to proceedings in court, but includes the preparation of deeds, mortgages, leases and all legal instruments. 7 C.J.S. 703; 5 Am. Jur. 262; In re Duncan (S.C.), 65 S. E. 210; Hobson v. Kentucky Trust Co. (Ky.) 197 S.W. 2d 454 (1946); Commonwealth v. Jones & Robins (Va.), 41 S.E. 2d 720 (1947). The selection and filling in of printed forms for others constitutes practicing law. In re Gore (Ohio

App.), 15 N.E. 2d 968 (1937) ; Paul v. Stanley (Wash.), 12 P. 2d 401 (1932) ; In re Matthews (Idaho), 62 P. 2d 578 (1936) ; Clark v. Reardon (Mo. App.), 104 S.W. 2d 407 (1937).

The record here discloses that defendant prepared a variety of legal instruments, as deeds, mortgages, lease agreements and others of a similar nature. See plaintiffs' exhibits 16, 17, 19 and 21, and defendant's answers to plaintiffs' interrogatories. Whether the legal instrument drawn is simple or complex makes no difference. Paul v. Stanley, supra; People v. Lawyer's Title Corp. (N. Y.), 27 N.E. 2d 30 (1940).

When the profession of law had its inception an attorney could accept no compensation for his services. A master and slave or guardian and ward relationship obtained. Later an advocate could receive compensation but only if voluntarily paid, not otherwise. A lawyer could not sue or demand a fee. In France at one time a lawyer could sue for a fee but if he did he was disbarred. Up to modern times the lawyer has relied more on the generosity of his client than on a legal right to compensation.

We now face a different situation. The modern practitioner must maintain offices and office personnel. Each month he must earn enough to pay the landlord, each week he must earn enough to pay his secretary. Telephone service, law books, office equipment and furniture are a continuing responsibility. All these expenses must be met before he can take home one dollar for his own sustenance and that of his family.

Yet courts continue to write nostalgic opinions about the profession as it existed in years gone by. They prate of *noblesse oblige* — a lawyer should perform services gratuitiously so that the profession may retain some of its old attributes.

Many courts hold that the lawyer must be circumscribed by rules and regulations and the field of his practice always defined against his interest. Aided by these decisions — with which I do not concur — encroachments have been made on the field of the practice of law until today there are many official bureaus and boards, state and federal, before which anyone can practice without first becoming a member of the bar.

Other courts hold to the contrary and fight to protect against such encroachments — not for the benefit of the individual lawyer *but for the welfare of the people at large.* They hold

that the public needs protection against unauthorized practice because one not qualified by training and learning can bring great harm to a client.

Much of the blame for the present situation must be laid to the lawyers themselves. Accused of monopolistic practices, the lawyers have sat supinely by and allowed the profession to be raided by those unqualified to serve.

Nearly every business or profession at some time or other has secured, and the courts have upheld, protective and monopolistic laws for those engaged therein. *All these laws are aimed at the protection of the public through the requirement of high standards of preparation and ability to follow such occupation, avocation or profession.* This objective is accomplished and at the same time individuals are protected from cut-throat and unqualified competition.

The law recognizes that this is in the best interest of the public — even though a monopoly may develop. Lawyers, though boasting great numbers in legislative halls, state and federal, have failed to have similar laws enacted, and the only reed upon which the lawyer of today can lean is the statute prohibiting the practice of law by unauthorized persons.

Consequently lawyers must look to the courts for protection, and it is the duty of the courts to uphold the profession. The courts should not with arbitrary and unreasonable interpretations of the statute reduce lawyers to a point where all they can earn is coolie wages.

A lawyer has a big investment in his career, he must be properly prepared through academic education before he can be admitted to law school, once in law school he must work hard to pass a difficult bar examination. Then follows a long, profitless apprenticeship, it has truly been said that the first ten years of practice are the hardest, if he survives those years economically, mentally and spiritually he faces the prospect of success in his profession — and at that stage it ill becomes the courts to assail his professional standing and ability to earn money by suggesting or decreeing or opining that the field of his practice be rigidly circumscribed or that his services be rendered for paltry, mean and insufficient compensation.

During the argument it was suggested that in a controversy between laymen and lawyers as to what constitutes practicing

law the lawyer judge must necessarily be prejudiced. All that need be said in reply is, first, if such accusation is true the lawyer judge is not fit to occupy his high office, and, second, the complaint is really directed against the constitution of this state — written by the people themselves, who declared they do not want laymen as judges but lawyers with sufficient experience and age to discharge the responsibilities of the office.

I have heard much of the bill of rights. It is high time someone wrote a bill of rights for the legal profession and the public it serves.

Too long have the courts dallied with the principles involved in this controversy. Too long have vacillating judges written conciliatory opinions aimed at pleasing both sides. Laymen have been led to believe by recent opinions that the courts will not stand up and define the law as it relates to lawyers and after so doing vigorously defend them from attack. Thus they do not hesitate to exhibit their contempt for lawyers. This attitude toward the legal profession, the law and the public will become ever increasingly apparent — such is the case before us now.

This is the time to call a halt, to reappraise the practice of law and those engaged in it. This is the time to challenge without equivocation those intent on reducing lawyers to the class of the lowest paid laborer and require them to disclose their real purposes. Are they working for the public good? Or are they seeking only to advance themselves at the public's expense?

It is, therefore, upon consideration, ordered, adjudged and decreed that the defendant Keyes Company, a Florida corporation, its officers, agents and employees, be and they are hereby perpetually enjoined and restrained from engaging in the practice of law, including the preparation of leases, lease agreements, rental contracts, deeds, mortgages, contracts for the sale of property, and other legal instruments, and also including the filling out and causing to be executed of printed forms of such instruments by whomsoever prepared, and also including any other act or thing constituting the practice of law; provided, however, that nothing herein contained shall be construed to prevent the defendant from preparing any such instrument relating to the acquisition, mortgage, lease or sale of its own property, or the lending of its money.