O. L. CHINIQUY *vs.* MARTHA CHRISTOPHEL *et al.*—(JOHN HARTMAN *et al.* Appellants, *vs.* O. L. CHINIQUY *et al.* Appellees.)

*Opinion filed June 18, 1925—Rehearing denied October 8, 1925.*

1. APPEALS AND ERRORS—*when appellants cannot object to order of reference to master.* Appellants in the Supreme Court cannot urge the objection for the first time that the order of reference to the master was made before one of the appellees had answered the bill or been defaulted, where the order of reference was made on stipulation of the parties, including appellants and said appellee.

2. PARTITION—*when partition may be had subject to life estate.* A remainderman can maintain a suit in partition against the other owners of the undivided interests in remainder where the whole premises are subject to a life estate unexpired, except where the class of persons entitled to the remainders cannot be definitely ascertained until the death of the life tenant or where a decree must result in a sale which will be against the interests of minors.

3. SAME—*when judgment debtors cannot object to partition of interests sold to creditors.* Judgment debtors cannot object to partition of their interests as remaindermen, which were sold to satisfy their judgment creditors, where the only objections set up might have been set up by them as defenses to the several judgments against them, which they did not do, and from which judgments they made no attempt to redeem, as a court of chancery will not grant relief to a defendant who has neglected to avail himself of a defense at law.

APPEAL from the Circuit Court of Livingston county; the Hon. STEVENS R. BAKER, Judge, presiding.

ARTHUR A. LOWRY, for appellants.

ELMER C. WILSON, H. H. WHITTEMORE, and ADSIT, THOMPSON & HERR, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Elias Hartman died testate on or about the 16th day of December, 1916, leaving him surviving Sarah Hartman, his widow, and ten children, among whom were John, Louis

and Emanuel Hartman, the appellants, as his only heirs-at-law. By his will he devised his entire estate to his wife during her life, and provided that "after mother's death all is to be divided equally among all of the legal heirs." On February 1, 1919, appellee B. L. Fitzgerald obtained judgment by confession in the circuit court of Livingston county against appellant John Hartman for the sum of $1349.17 and costs of suit. On September 29, 1919, appellee O. L. Chiniquy obtained judgment by confession in the same court against appellant Louis Hartman for the sum of $1221.50 and costs of suit. Executions were issued on each of these judgments on January 22, 1920, and personally served on each defendant on February 5, 1920. On February 17, 1920, the sheriff of Livingston county under each execution levied on the undivided one-tenth interest of the defendant named therein in the real estate here in question, subject to the life estate of Sarah Hartman, and filed a certificate of levy in each case in the office of the circuit clerk of the county. On August 24, 1921, after the fifteen months' period of redemption had run, and after due advertisement, sale was in each case made by the sheriff, and Chiniquy and Fitzgerald in each case bid in the property of the judgment debtor for the respective amount of his judgment, interest and costs. The sheriff then issued deeds conveying the Louis Hartman interest in the real estate in question to Chiniquy and the interest of John Hartman to Fitzgerald. John and Louis Hartman during the pendency of these proceedings lived in Livingston county, a short distance from the county seat. They had personal knowledge of all of the proceedings and consulted with attorneys, but according to their own statements were unable to get anyone to do anything for them. They did not at any time attempt to have the judgments re-opened or vacated or to make any defense thereto and in no way questioned the legality or regularity of the sale. They were notified, prior to the expiration of the equity of redemption, that their

rights would be lost unless they proceeded to redeem, and they failed to do so. They were also given an opportunity to redeem after the sale, but no redemption was ever made.

On January 24, 1917, appellee Fred W. Kingdon obtained a judgment amounting to $1912.09 against Earle Harris and appellant Emanuel Hartman. An execution was issued thereon and personally served on Emanuel, and a levy was made thereunder on April 23, 1917, on the undivided one-tenth interest of Emanuel in the premises in question, subject to the life estate of Sarah Hartman, and on July. 14, 1923, this interest was sold by the sheriff at public sale to Kingdon for $2593.36, and the sheriff issued to him a certificate of purchase therefor.

December 2, 1921, Chiniquy filed his bill in the circuit court of Livingston county, making the several heirs of Elias Hartman, deceased, together with Fitzgerald and Kingdon, parties defendant. The heirs of Elias Hartman answered, and filed a cross-bill setting up facts which, if true and pleaded in apt time, might have constituted defenses to the several notes, and prayed that the notes of John and Louis be canceled, and that the judgments obtained thereon, and the executions, levies, sales and sheriff's deeds, be canceled and set aside, and that Kingdon be required to account, under the direction of the court, for sales of automobile supplies and accessories sold by him pertaining to a garage business wherein Earle Harris and Emanuel Hartman were interested. The cross-bill also prayed for an injunction restraining a division and partition of the premises during the lifetime of Sarah Hartman. The heirs secured a reference to the master in chancery on their cross-bill, and when the matter came up for hearing before the master all of the parties stipulated that evidence would be heard on the original bill the same as if an order of reference to the master had been made previous to that time. After hearing the evidence the master reported in favor of appellees, and recommended that a decree be entered in ac-

cordance with the prayer of the bill and that the cross-bill be dismissed for want of equity. A decree was entered by the court finding that Sarah Hartman was entitled to a life estate in the premises; that the seven children of Elias Hartman other than the three appellants, and Fitzgerald and Chiniquy, were each entitled to a one-tenth interest therein subject to the life estate of Sarah Hartman; that Emanuel Hartman was entitled to a one-tenth interest therein, subject to the life estate of Sarah Hartman and subject to the certificate of purchase of Kingdon, and partition of the premises was ordered accordingly. From this decree John, Louis and Emanuel Hartman have perfected an appeal to this court.

The cause was referred to the master in chancery before Fitzgerald had answered the bill or been defaulted, and it is contended by appellants that the circuit court erred in granting the order of reference in the cause as to the original bill without his first answering the bill or being defaulted. This order of reference was made by the court upon stipulation of the parties to the suit, including appellants and Fitzgerald. They all appeared before the master, participated in the proceedings and made no objection upon this ground either before the master or the circuit court, and they cannot now be heard to urge the objection in this court for the first time. *Keightley* v. *Glass,* 275 Ill. 149; *People* v. *Walczak,* 315 id. 49.

It is next contended by appellants that the will of Elias Hartman having given a life estate in the premises to Sarah Hartman, who still survives, no partition could be made, by reason of the provisions of the will, until after her death. In *Scoville* v. *Hilliard,* 48 Ill. 453, it was held that a remainderman can maintain a suit in partition against the other owners of the undivided interests in remainder where the whole premises are subject to a life estate unexpired, and that decision has been followed by many cases since that time, except in cases where the class of persons entitled

to remainders could not be definitely ascertained until the death of the life tenant and where a decree must result in a sale which would be against the interests of minors. (*Gibbs* v. *Andrews*, 299 Ill. 510.)   Neither of these objections exists in this case, and there is no showing of any kind that a partition or sale would be detrimental to the interests of any of the parties concerned.

Other assignments of error are set up, but they all pertain to matters which might have been set up by appellants as defenses to the several judgments and which they did not do.   In *Elston* v. *Blanchard*, 2 Scam. 420, this court held that where a defendant neglects to avail himself of a defense at law, the rule that a court of chancery will not grant relief is too well settled to require comment.

The decree of the circuit court is in all respects sustained by the evidence, and it is therefore affirmed.

*Decree affirmed.*