In the Matter of DAVID H. LEHMAN, an Attorney, Respondent.

First Department, November 3, 1933.

*Einar Chrystie*, for the petitioner.

Respondent in person.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court, Second Department, on March 8, 1911.

By the petition herein he is charged with professional misconduct in that in five separate instances he converted to his own use the moneys of his clients.

The respondent answered and the matter was referred to a referee to take testimony. The learned referee has duly reported, finding the respondent guilty as charged. The matter now comes before this court upon motion of the petitioner that the report of the referee be confirmed.

The record fully justifies the finding of the referee that the five charges of petitioner against respondent have been sustained fully by the evidence.

The recital of the facts in reference to one of such charges is sufficient in itself to show that the respondent is unfit to remain a member of the bar. In February, 1930, an action was brought by Francis Kyle & Son, Inc., against Bermant Lisansky to recover the sum of $96.06 for goods sold and delivered. On March 6, 1930, the client of respondent gave respondent a check bearing the indorsement: " This check is in settlement of the following bills: Payment to Francis H. Keil, to January 31, 1930." On May

nineteenth a stipulation was entered into between the attorney for the plaintiff and the respondent whereby the answer of the defendant respondent's client theretofore interposed by the respondent, was withdrawn and judgment was consented to unless $99.06 was paid before May twenty-ninth. Upon default in payment, judgment for that amount was entered against the defendant June 3, 1930, and execution issued. A marshal appeared upon the premises of defendant Lisansky, and he was compelled to give to the marshal a check for $105.06. Thereafter fruitless efforts were made by Lisansky to collect from the respondent this sum of $96.06, given by him to the respondent as aforesaid for the purpose of settling the action. It is unnecessary to detail each one.

The unfaithfulness of the respondent to his client and the brazen conversion of the money of the client as set forth above are sufficient. If more were necessary, reference to any one of the remaining four other instances as set forth in the report of the referee likewise would be sufficient.

The respondent should be disbarred.

. MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Respondent disbarred.