(No. 22990

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THE SECURITIES DISCOUNT CORPORATION, Plaintiff in Error.

*Opinion filed October 24, 1935—Rehearing denied Dec. 4, 1935.*

MAX ROSENZWEIG, (W. G. ANDERSON, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is a writ of error to review the judgment of the Appellate Court for the First District affirming a judgment of the municipal court of Chicago wherein the plain-

tiff in error, the Securities Discount Corporation, (hereinafter called the defendant,) was held in contempt of the municipal court for the alleged offense of practicing law without a license. The court assessed a fine of $500 against the defendant, which on the defendant's application was reduced to $250. The case is before this court on the common law record, consisting of the contempt order and sentence.

The record contains two forms of order purporting to have been entered the same date. One is a draft order signed by the trial judge, entitled "Securities Discount Corporation, a corporation, *vs.* L. C. Bernhardt and Mrs. L. C. Bernhardt, No. 1289516, 1289517 and 1289518." The other appears to be an abbreviation of the draft order and is unsigned. It is entitled as in the caption hereof, is designated "criminal," and is found on the page following the draft order. The abbreviated order is the only one found in the abstract of the record prepared for this court by the defendant. The draft order contains recitations that the cause came on to be heard on the motion of the People, on the relation of the Chicago Bar Association, and that testimony was heard. It then recites the facts which were disclosed upon that hearing, which are, in substance, that the Securities Discount Corporation filed a statement of claim against the persons named as defendants, as shown in the title in the draft order, for medical services rendered by a physician to them; that the physician named had sold and assigned the claim to the Securities Discount Corporation, which sale and assignment were a sham and fraudulent and without consideration. It then recites that the physician had, in fact, contracted with the Securities Discount Corporation to collect that and various other accounts on a contingent basis, being a greater or less amount, depending upon whether suit was required to effect a settlement. Such claims were solicited and prosecuted by the Securities Discount Corporation as a collection agency, and

in the present case a portion of the proceeds was to be rendered to the physician. The order sets forth that hundreds of suits of a similar nature upon similar assignments had been instituted in the municipal court in the last year; that the statement of claim in the present case was prepared in the office of the Securities Discount Corporation; that the physician who was the assignor of the claim was required to advance the court costs, but that an attorney named who was acting in the case was not employed by the physician who assigned the claim but was employed by the Securities Discount Corporation. It was recited that the assignment was a fraud and a sham and merely a subterfuge to enable the Securities Discount Corporation to commence the suit in its own name, and that the Securities Discount Corporation had been engaged in practicing law without being authorized so to do and has perpetrated a fraud upon the court. The order then recited that the president and secretary, respectively, were guilty of direct contempt. It was held that the corporation was in contempt, and it was ordered to pay a fine in the amount stated.

The substance of the abbreviated order holds that the corporation is "guilty of contempt of court because this day, [January 9, 1934,] while the court was in open session in Branch No. 8, 906 City Hall, Chicago, Illinois, and in the trial of case No. 2171765, entitled Securities Discount Corporation, a corp. *vs.* L. C. Bernhardt and Mrs. L. C. Bernhardt, said corporation has been engaged in practicing law without being authorized so to do and has perpetrated a fraud upon the court; that Simon Sachs, president, * * * and David Zevin, secretary of said Securities Discount Corporation, * * * have actively aided and assisted said corporation in said activities, and that neither of them has been admitted to practice law in the State of Illinois, and it is considered and adjudged by the court that the said Securities Discount Corporation, a corporation, is guilty of direct contempt of court, and that

said contempt has tended to bring the administration of justice into contempt." On January 15, 1934, on motion of the attorneys for the Securities Discount Corporation for a reduction of the fine imposed upon it, the amount was reduced to $250, and the order of January 9, 1934, was modified to that extent.

The defendant contends that the municipal court was without jurisdiction to enter an order of contempt of court against it in the absence of a preliminary affidavit, complaint or information as a basis therefor; that it was not affirmatively shown that the defendant was personally present in open court, and that the facts constituting the alleged contempt are not set forth in the order, as is required in cases of direct contempt.

The basis upon which the first contention rests is found in the assignment of errors which charges that the court was without jurisdiction. This assignment of errors does not differentiate between the jurisdiction of the subject matter and jurisdiction of the person. Unquestionably the court had jurisdiction of the subject matter, inasmuch as it is well established that courts have jurisdiction of contempt cases of the character of that involved here. The question of jurisdiction of the subject matter can be raised at any time, but jurisdiction of the person may be waived by the conduct of the parties by reason of failure to raise the question in apt time and in the proper manner. The trial court evidently considered the contempt a direct one, inasmuch as the respondent was attempting to practice law without a license in the trial of a civil case before it. The final draft order in the cause indicated that proof was taken and evidence heard as to matters other than those directly arising in the civil proceeding, but all these were on the question, namely, whether the respondent was practicing law without a license. From the draft order it appears that the proceeding was carried on by the People on the relation of the Chicago Bar Association, but no informa-

tion appears in the record. On the other hand, nowhere does it appear that the defendant objected to the failure to file such information or to the manner of procedure. It also appears from the record that the respondent appeared on its own motion and made its application to modify the order, and this was granted and the order modified. Whether the court treated the contempt as direct or indirect is of no moment, inasmuch as the defendant proceeded to trial without objection and cannot be permitted to be heard for the first time in this court. (*Chiniquy* v. *Christophel,* 318 Ill. 101; *Keightley* v. *Glass,* 275 id. 149; *People* v. *Smythe,* 232 id. 242; *Nicholes* v. *People,* 165 id. 502.) Courts have the inherent power to punish for contempt those practicing before them without a license. *People* v. *Real Estate Tax-payers,* 354 Ill. 102; *People* v. *Peoples Stock Yards Bank,* 344 id. 462.

As to the second contention, namely, that it does not appear that the defendant was personally present in open court at the time of the entry of the order, it is true that the defendant was not in open court, inasmuch as it was a corporation and could not be personally present. On the other hand, it appears from the order that the proceedings in question were heard January 9, 1934, and the draft order was signed and entered upon the same date. It also appears from this draft order that Sachs, president of the Securities Discount Corporation, and Zevin, its secretary, were present in open court and testified in the cause. The defendant corporation could only be present by its officers.

There is no force in the final objection, namely, that the facts are not sufficient. This argument appears to be based upon the abbreviated order. The draft order signed by the trial judge sets forth sufficient facts showing that the defendant was engaged in the practice of law without a license. The defendant appears to have based its case upon the abbreviated or short order entered by the court, and we have pointed out that this order was not signed.

The long or draft order, which included the defendant, found it guilty of practicing law without a license and therefore in contempt of court. It contained sufficient facts to warrant the judgment of the trial court.

We see no reason for reversing the judgment, and for the reasons expressed in this opinion the judgment is affirmed.

*Judgment affirmed.*