In the Matter of the Complaint of NEW YORK COUNTY LAWYERS' ASSOCIATION in Respect to the Unlawful Practice of Law by FRED S. CLARK, an Individual, and CHARLES FRANCIS PRESS, a Domestic Corporation, Respondents.

First Department, April 21, 1939.

*Edwin M. Otterbourg* of counsel [*George R. Adams,* attorney], for the petitioner.

*George M. Carney,* for the respondent Charles Francis Press.

No appearance for the respondent Fred S. Clark.

MARTIN, P. J. This proceeding was instituted pursuant to the provisions of subdivision 7 of section 750 of the Judiciary Law, to have the respondents adjudged guilty of contempt of court for assuming to practice law without legal right in contravention of the public policy of this State and in violation of the provisions of sections 270 and 280 of the Penal Law. In the alternative the petitioner seeks to have the respondents restrained and enjoined from further proceeding to solicit and furnish legal advice and services and from publishing and distributing a pamphlet entitled " How to make your Last Will and Testament secretly without other legal aid."

The petitioner charges that the respondents, Fred S. Clark, an individual, and Charles Francis Press, a domestic corporation, have engaged in the practice and business of furnishing legal advice and services in connection with the making and execution of wills and testaments. These services arose out of the sale of the pamphlet entitled " How to make your Last Will and Testament secretly without other legal aid," which was written by the respondent Fred S. Clark and published by the respondent Charles Francis Press. Purchasers of the pamphlet were urged to prepare their wills in pencil on forms supplied in the pamphlet and to send them to the author, who, for a fee of two dollars for each will, would have them typed by " members of the bar (lawyers experienced in the making of wills)." The representation was then made that the prospective testator would " then know that the typed copy is right." It is also charged that the legal advice and services so furnished are in many respects " unqualified, incorrect, misleading and erroneous " and that the public has been induced to accept and rely thereon, to its great damage.

No formal answer has been submitted by the respondent Fred S. Clark, the author of the pamphlet. He did, however, write a letter to the counsel for the petitioner that his first intimation that the publication of his pamphlet was in any way "questionable" was the service on him of the petition and order to show cause herein. He then set forth that he would cease publishing the pamphlets.

The answer of the respondent Charles Francis Press alleged that immediately upon receipt of the order to show cause herein it "refused to permit any other orders to be filled, and instructed its employees that no further copies of the booklet * * * should be permitted to be sold, given away or distributed. Respondent has no intention of countermanding these instructions at any time in the future."

In the case of *Matter of N. Y. County Lawyers' Assn.* v. *Lehman* (256 App. Div. 677), decided herewith, this court has considered the 1937 amendment to section 750 of the Judiciary Law, which confers upon the Supreme Court the power to punish for a criminal contempt "any person who unlawfully practices or assumes to practice law." We there held that a proceeding under that section should be brought in the first instance in the Supreme Court.

The petitioner herein also seeks an injunction restraining the respondents from proceeding to solicit and furnish legal advice and the services of lawyers and from publishing and selling the pamphlet referred to herein. If the sale of this pamphlet constitutes a violation of sections 270 and 280 of the Penal Law, as alleged by the petitioner, the respondents should be criminally prosecuted therefor. Moreover, the record herein discloses that the respondents discontinued the sale and distribution of the pamphlet as soon as the order to show cause herein was served on them.

The motion should be denied.

O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Motion denied.