In the Matter of the Complaint of NEW YORK COUNTY LAWYERS' ASSOCIATION in Respect to Unlawful Practice of Law by DAVID H. LEHMAN, Respondent.

First Department, April 21, 1939.

*Edwin M. Otterbourg* of counsel [*Frederic P. Houston* and *George R. Adams* with him on the brief], for the petitioner.

*David H. Lehman*, respondent in person.

MARTIN, P. J.    This proceeding was instituted by the petitioner, under subdivision 7 of section 750 of the Judiciary Law, as added

in 1937, for the purpose of having the respondent adjudged guilty of criminal contempt of court because of his action in practicing law without legal right in contravention of the public policy of this State and in violation of the provisions of the Penal Law.

The petitioner also seeks to have the respondent adjudged in contempt of court for disobeying the terms, provisions and prohibitions of an order of this court dated November 3, 1933, which disbarred the respondent (239 App. Div. 126) and enjoined him, among other things, from " The practice of law in any form, either as principal or agent or clerk or employee of another, from the date of entry of this order  *  *  *  and, for compensation or reward, to give to another an opinion as to the law or its application, or any advice in relation thereto."

In addition to the foregoing, the petitioner seeks injunctive relief restraining the respondent from soliciting and furnishing to the public the services of lawyers and legal advice particularly with respect to a book written by the respondent entitled," Draw Your Will Yourself — Now."

The petition sets forth that the respondent, a former member of the bar of this State, has written a book entitled, " Draw Your Will Yourself — Now," that he has advertised it extensively and intends to publish it under a plan whereby a purchaser of the book could fill out a form of will in pencil and mail it with two dollars to one of a number of lawyers listed in the book. The lawyer was required to type, correct and return the will to the prospective testator. It is charged that the respondent solicited lawyers in a number of States, promising to list their names in his book for fifty dollars, for which fifty copies of the book would be sent to the lawyer. In one letter soliciting an attorney the respondent wrote, " This will bring in estates."

In his answer the respondent alleged that he has written a manuscript for a book entitled, " Draw Your Will Yourself — Now," but that it has not yet been printed, published or distributed. He does not say whether it is in the course of preparation for sale and distribution. He alleges that the writing, publishing and marketing of the book is not a violation of the order of this court or of the law of this State. With respect to a listing of attorneys in the book, he states that before the commencement of this proceeding he completely abandoned " the idea of publishing in the book a list or directory of attorneys."

This court has power under section 88 of the Judiciary Law to punish for contempt of court a violation of the order of this court restraining a disbarred lawyer from practicing law. We are of the opinion, however, that the record herein does not show that

the respondent violated the order of this court. The book he has written has not been published. If published and its publication is shown to be a violation of the Penal Law he may be prosecuted criminally, and if its publication violates the terms of the order of disbarment he may be punished therefor.

A more important matter for the consideration of the court is presented by the institution of this proceeding under subdivision 7 of section 750 of the Judiciary Law. In 1937 the Legislature by the enactment of that subdivision conferred power upon the *Supreme Court* to punish for a criminal contempt " any person who unlawfully *practices or assumes to practice law.*"

It will be noted that the power to punish for contempt is conferred upon the " Supreme Court," and no specific mention is made of the Appellate Division as such.

Considering analogy between criminal offenses generally and criminal contempt, it may well be that the Legislature had in mind the development of a record in the Supreme Court which might be reviewed by the Appellate Division.

In *Matter of Morse* (98 Vt. 85; 126 A. 550) the respondent was charged with contempt of court in holding himself out as authorized to practice law. He never appeared before the Supreme Court but did appear before justices of the peace. He argued that, since his operations were confined to the Justices' Courts, he was not amenable to the Supreme Court. It was held, however, that the Supreme Court had exclusive and full authority to determine who could practice as attorneys before the courts of the State, and the legislative grant carried with it the implied power to punish for contempt those pretending to be attorneys.

In Thomas on Problems of Contempt of Court (at p. 2) it is said: " Criminal contempts embrace all contemptuous acts in which the primary purpose of the prosecution is to punish in order to vindicate the authority of the court. * * * Both in substance and in purpose criminal contempts are very analogous to ordinary criminal offenses, so analogous, in fact, that it appears that contempt procedure frequently offers an alternative method for the punishment of crime — a very effective method, because of the absence of trial by jury."

In Halsbury's Laws of England ([2d ed.], vol. 7, p. 2), speaking of criminal contempt of court, it is said: " The superior courts have an inherent jurisdiction to punish criminal contempt by the summary process of attachment or committal in cases where indictment or information is not calculated to serve the ends of justice. The power to attach and commit, being arbitrary and unlimited, is to be exercised with the greatest caution, and as the application

of this remedy involves the withdrawal of the offense from the cognisance of a jury, it is only to be resorted to where the administration of justice would be hampered by the delay involved in pursuing the ordinary criminal process."

Under the Solicitors' Act, 1932, of England (22 and 23 Geo. 5, chap. 37, § 45), an unqualified person who attempts to practice law is guilty of a misdemeanor and " of contempt of the court in which the * * * proceeding * * * is * * * taken." This latter provision as to contempt is a wise provision because a court is involved.

The respondent here under consideration had nothing to do whatever with any court, and the authority of the court is involved only remotely by reason if its control over attorneys. The acts of the respondent may not be said to constitute an affront to the dignity of the court.

The intention of the Legislature in passing the amendment of 1937 was to confer power upon the Supreme Court to " punish for a criminal contempt any person who unlawfully practices or assumes to practice law." That power is to be exercised only when the court is directly involved.

The Bar Association and the New York County Lawyers' Association may, if deemed advisable, cause criminal proceedings to be instituted against respondent under the appropriate provision of the Penal Law.

The motion should be denied.

O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Motion denied.