In the Matter of the Petition of NEW YORK COUNTY LAWYERS ASSOCIATION, Respondent, in Respect of Unlawful Practice of Law by SPENCER MORGAN DAWKINS, Appellant.

First Department, May 29, 1941.

*Henry A. Uterhart* of counsel [*Alfred Schaffer* and *Bernhard Stein-man* with him on the brief; *Uterhart & Schaffer*, attorneys], for the appellant.

*Edwin M. Otterbourg* of counsel [*Frederic P. Houston* and *Phillip W. Haberman, Jr.*, with him on the brief; *George R. Adams*, attorney], for the respondent.

O'MALLEY, J. The question presented is whether the defendant in representing claimants before the board of assessors of the city of New York was unlawfully practicing law.

For some six years the defendant (not admitted to practice) concededly acted for compensation before the board of assessors on behalf of claimants for damages occasioned by change of street grade He maintained an office in a suite designated as law offices, his name appearing upon the entrance door without any qualification indicating that he was not an attorney duly admitted to practice.

According to his answer in opposition to the motion, he presented 287 claims. He filed affidavits of title, argued in support of claims and on several occasions cited precedents. He filed objections to awards, signing his name as " Attorney for Claimant " without indicating that he was merely attorney in fact, and not at law. He also filed notices of lien against awards made. The clients in making affidavit of title stated that the defendant had been retained as " attorney herein, to represent deponent in the proceeding." At hearings before the board of assessors the city is represented by the corporation counsel. The defendant on at least two occasions examined and cross-examined witnesses.

Proceedings before the board of assessors may in certain instances lead to judicial review (*Matter of Halpern* v. *Whittle*, 274 N. Y. 506) under article 78 of the Civil Practice Act. It is stated in the report of the board for the year ending June 30, 1940, that in change of grade proceedings: " Claimants are usually represented by Counsel,

and an Assistant Corporation Counsel is present to protect the City's interests. These hearings are judicial in essence, and the testimony is reported stenographically " (p. 16).

This statement that the board's proceedings are judicial in nature is fully justified by the decisions. (*People ex rel. Hallock* v. *Hennessy*, 205 N. Y. 301, 309; *People ex rel. Olin* v. *Hennessy*, 206 id. 33, 37.)

Under the provisions of subdivision b of section 307a–3.0 and section 307a–4.0 of the New York City Administrative Code, claimants are notified of the place and time where evidence will be received and testimony is reduced to writing. Subpoenas may be issued. The acts of this defendant were prohibited by section 270 of the Penal Law. Recognition may not be given to the distinction which the appellant-respondent seeks to make between simple and complex matters. (*People* v. *Lawyers Title Corp.*, 282 N. Y. 513, 521.)

Whether under different circumstances than here presented one not admitted to practice as an attorney may appear on behalf of a claimant before the board of assessors, is a question we need not and do not now decide.

Upon the record presented, we are of opinion that the defendant represented himself as being entitled to practice law and, in fact, did practice law. He was, therefore, properly enjoined in the public interest from continuing his acts. (*People* v. *Alfani*, 227 N. Y. 334, 337.)

Practice before the board of assessors involves a different procedure than appearances before the tax commission. The case of *Tanenbaum* v. *Higgins* (190 App. Div. 861), relied upon, is, therefore, distinguishable. In our view the respondent-appellant's conduct comes more within the purview of *People* v. *Alfani* (*supra*).

It follows, therefore, that the order appealed from should be affirmed, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Order unanimously affirmed, with costs.