In the Matter of the Application of NEW YORK COUNTY LAWYERS ASSOCIATION, Petitioner, in Respect of Unlawful Practice of the Law by LAWRENCE A. EPTER, Respondent.

Supreme Court, Special Term, New York County, July 10, 1942.

*George R. Adams* [*Jacob Scholer* of counsel], for the petitioner.

*Rosett & Weinstein* [*Nathan Weinstein* of counsel], for the respondent.

SCHREIBER, J. This proceeding is brought by the New York County Lawyers Association to have respondent adjudged in criminal contempt of court by reason of his unlawful practice of law, or in the alternative that he be perpetually enjoined from continuing such practice.

Respondent, a layman allegedly engaged in real estate business and without a license to practice law, assumed to draw the last will and testament of one Maria Esposito, and to draw a deed conveying certain real property to said Maria Esposito and her son " as joint tenants in common with title to vest in its entirety to the survivor." Respondent is said to have charged a fee for these services. His misconduct was particularly reprehensible under all the circumstances of this case.

Grevious injury to the public and to the legal profession invariably attends such acts and the consequences are nowhere better illustrated than in this case. The bootleg law services have had disastrous results. The will has been denied probate, the validity of the conveyance is doubtful, and vicious practices have been disclosed. (*Matter of Esposito*, Surrogate's Court, New York County, DELEHANTY, S., N. Y. L. J., Nov. 21, 1941, p. 1588.)

In many jurisdictions it has been held that courts of first instance possess inherent power summarily to control all persons assuming to practice law and this power is not limited merely to control of members of the bar. The courts of those States have not hesitated to stamp out unauthorized practice of law and to protect the public against ignorance, inexperience and unscrupulousness by summary proceedings similar to that here invoked (cf. *Matter of McCallum*, 186 Wash. 312; *People* v. *Securities Discount Corp.*, 361 Ill. 551; 198 N. E. 681; *Matter of Morse*, 98 Vt. 85; 126 A. 550; 7 C. J. S. 726), although penal statutes were likewise violated (cf. *Matter of Bugasch, Inc.*, 12 N. J. Misc. 788; 175 A. 110).

In this State statutes were enacted in 1935 (Civ. Prac. Act, §§ 1221-a, 1221-b) giving the Attorney-General the right to apply to the court for an injunction to restrain the unauthorized practice of law (cf. *Bennett* v. *Supreme Enforcement Corp.*, 250 App. Div. 265; affd., 275 N. Y. 502) and in 1937 the Judiciary Law was amended by chapter 311 of the Laws of 1937 (§ 88, subd. 2; § 750, subd. 7) to place in this court express statutory power to grant the relief sought herein (cf. *Matter of N. Y. County Lawyers Assn.* v. *Dawkins*, 262 App. Div. 56), if indeed such power did not already exist.

This power is in nowise inconsistent or in conflict with the long-standing penal statutes on the subject-matter (Penal Law, §§ 270, 271, 277, 280) for it is an additional and summary means effectually to control the mischief in the public interest, and such power accords with the public policy of this State. (cf. *People ex rel. Bennett* v. *Laman*, 277 N. Y. 368, 382; *Matter of Pace*, 170 App. Div. 818.)

The application is granted *in toto.* Order signed.