In the Matter of NEW YORK COUNTY LAWYERS' ASSOCIATION,
Petitioner.
STANDARD TAX AND MANAGEMENT CORPORATION et al.,
Respondents.

Supreme Court, Special Term, New York County, August 19, 1943.

A. *Lincoln Lavine, Jacob Scholer, Edwin M. Otterbourg, George R. Adams* and *Abraham N. Davis* for petitioner.

*Booth & Baron* for respondents.

SCHREIBER, J. The petitioning Bar Association, asserting that respondents unlawfully practice or assume to practice law, makes application herein for an order punishing them as for a criminal contempt of this court (Judiciary Law, § 750, subd 7) or in the alternative for an order perpetually restraining such conduct. (Judiciary Law, § 88, subd. 2; *People ex rel. Bennett* v. *Laman,* 277 N. Y. 368; *Matter of New York County Lawyers Assn.* v. *Epter,* 178 Misc. 907.)

Respondent Standard and Poor's Corporation is engaged purely in statistical research and does not appear to have participated in the acts complained of here. It is made a party solely by reason of a controlling stock interest in respondent Standard Tax and Management Corporation. The latter was originally organized to render pay-roll and social-security statistical services. Later it expanded its activities by inaugurating a so-called " supervisory service " to which subscribers were procured by the solicitation of salesmen and by circulars advertising glowing prospects of " large tax savings " through this respondent's " definite recommendations ". The service was largely conducted by correspondence but also included monthly personal conferences or consultations. Additional consultations might be had upon payment of a fee. The court finds that in the course of its activities this respondent freely gave specific advice and rendered opinions to its subscribers, based on a study of their individual problems, to effect compliance with existing tax laws and to take advantage of possible tax savings thereunder. The scope of respondent's activities included recommendation of modification of contracts, interpretation and analysis of laws, decisions of the courts and rulings of government departments, preparation of legal clauses for con-

tracts and orders, preparation of forms of corporate resolutions, review of clients' booklets for legality thereof, and advice as to the legal status of clients and their employees in particular circumstances. These and many similar acts were performed in continuity and, whether or not so intended, clearly constitute the practice of law (*People* v. *Lawyers Title Corp.,* 282 N. Y. 513; *People* v. *Title Guarantee & Trust Co.,* 227 N. Y. 366; *People* v. *Alfani,* 227 N. Y. 334; *Matter of Co-operative Law Co.,* 198 N. Y. 479; *Matter of Pace,* 170 App. Div. 818; *Chicago Bar Assn.* v. *United Taxpayers of America,* 312 Ill. App. 243; *Bump* v. *District Court of Polk County,* 5 N. W. 2d 914 [Iowa]), forbidden alike to corporations (Penal Law, § 280) and to individuals not duly admitted to practice (Penal Law, §§ 270, 270-a — 270-e, 271). The fact that respondent might have suggested to its clients that private attorneys be consulted as well or that some part of the service rendered might be said to be fairly incidental to or within a lawful activity for non-lawyers and on that ground not improper (cf. *Tanenbaum* v. *Higgins,* 190 App. Div. 861; *Goldsmith* v. *Board of Tax Appeals,* 270 U. S. 117; *Old Colony Trust Co.* v. *Commissioner of Internal Revenue,* 279 U. S. 716; *Goodman* v. *Beall,* 130 Ohio St. 427; *Merrick* v. *American Security & Trust Co.,* 107 F. 2d 271; *De Pass* v. *Harris Wool Co.,* 346 Mo. 1038; *Bennett* v. *Goldsmith,* 280 N. Y. 529; *Matter of Lyon,* 301 Mass. 30) obviously cannot here be a sufficient justification or excuse. Whatever may thus be the boundaries of the legitimate activities of accountants, tax experts and the like, which cannot be definitely staked out but must be left to the particular circumstances of each case as it arises, they have been here plainly transgressed by this respondent. The possible evils arising from such unlawful practices need no restatement and are manifest on the facts of this case. Few of the numerous employees of this corporation are lawyers or had legal training and the claimed information and knowledge upon which the services were based were gleaned not from the study of law and legal books, but wholly from oversimplified compendiums and bulletins essentially issued for laymen.

Thus the necessity of protecting the public from the evils of the practice of law by unqualified persons, reiterated time and again by statute and judicial rule, is here again evident. An unbending public policy wisely limits the practice of law to those specially trained and examined therein, subject to the control, regulation and discipline of the courts and with the duty of loyalty to the client alone. In this day of the mushroom

growth of special-service organizations arising out of a great and still growing mass of legislation, the spirit of that public policy must be firmly administered by the courts in the public welfare.

In view of the foregoing, the application is denied with respect to respondent Standard and Poor's Corporation and is granted to the extent of perpetually restraining respondent Standard Tax and Management Corporation from further engaging in the practices described herein and more fully set out in the petition.

Settle order in accordance herewith.