In the Matter of NEW YORK COUNTY LAWYERS' ASSOCIATION, Petitioner.

OLA C. COOL, Doing Business under the Name of LABOR RELATIONS INSTITUTE, Respondent.

Supreme Court, Special Term, New York County, March 10, 1944.

*Edwin M. Otterbourg, Abraham N. Davis, A. Lincoln Lavine, Jacob Scholer* and *George R. Adams* for petitioner.

*Louis C. Paley* for respondent.

SCHREIBER, J. Respondent, a layman, maintains a " Labor Relations Institute ", offering his subscribers reports on labor statutes and regulations, personal consultations thereon, and general and particular advice, forms and opinions with regard thereto. In this proceeding the petitioning Bar Association seeks to enjoin such conduct and to punish respondent as for a criminal contempt of court. Respondent moves to dismiss the petition asserting a want of jurisdiction in the court, want of capacity in petitioner to maintain this proceeding, and insufficiency in law on the face of the petition.

By amendment to the Judiciary Law in 1937 (ch. 311) express authority was placed in the court to control (Judiciary Law, § 88, subd. 2) and to punish for criminal contempt (Judiciary Law, § 750, subd. 7) laymen assuming to practice law. The exercise of such powers is to be limited to cases where a court directly is involved. (*Matter of N. Y. County Lawyers' Assn.* v. *Lehman*, 256 App. Div. 677; *Matter of N. Y. County Lawyers' Assn.* v. *Clark*, 256 App. Div. 674.) It would seem, however, in a proper case, that the powers so granted, although perhaps rarely to be exercised, should extend to any situation " where indictment or information is not calculated to serve the ends of justice " (7 Halsbury's Laws of England [2d ed.] p. 2, quoted with approval in the *Lehman* case, *supra*), for, even without the aid of the aforesaid amendments to the statute, power resided in the court to restrain and to punish as a criminal contempt

a direct affront by a layman. (*Matter of N. Y. County Lawyers Assn.* v. *Dawkins,* 262 App. Div. 56, affd. 289 N. Y. 553; *People* v. *Higgins,* 173 Misc. 96.) Nor is respondent's further contention that the remedy of injunction is limited to an action by the Attorney-General (Civ. Prac. Act, art. 75-A) well taken. (Judiciary Law, § 88, subd. 2; *Matter of N. Y. County Lawyers Assn.* v. *Dawkins, supra; Matter of N. Y. County Lawyers' Assn.* v. *Clark, supra; Matter of New York County Lawyers Assn.* v. *Epter,* 178 Misc. 907; *Matter of N. Y. Co. Lawyers' Assn.* [*S. T. & M. Corp.*], 181 Misc. 632.)

It follows that the motion to dismiss must be denied, with leave to the respondent to answer the petition on or before April 1, 1944.