In the Matter of NEW YORK COUNTY LAWYERS' ASSOCIATION, Petitioner.

LOUIS WENGER, Respondent.

Supreme Court, Special Term, New York County, March 6, 1946.

*Mortimer S. Gordon, Richard B. Davis* and *George R. Adams* for petitioner.

*James Murphy* for respondent.

WALTER, J. New York County Lawyers' Association, a Bar association incorporated under the laws of this State, here asks

that Louis Wenger, a real estate broker not authorized to practice law, be adjudged guilty of contempt of court in having unlawfully practiced law. It asks also that he be enjoined from continuing to do the things claimed to constitute such unlawful practice, but, for some reason which I do not understand, the two requests are made only in the alternative.

A fair construction of the petition and answer is that respondent admits that for many years he has made a regular practice of handling dispossess proceedings for landlords. I entertain no doubt that that constitutes practicing law (*People* v. *Alfani,* 227 N. Y. 334; *Matter of Queens County Bar Assn.* v. *Collins,* 169 Misc. 234), and our statute now expressly provides that unlawfully practicing or assuming to practice law is punishable as a criminal contempt (Judiciary Law, § 750, subd. 7, as added by L. 1937, ch 311. See, also, *Matter of N. Y. County Lawyers' Assn.* v. *Clark,* 256 App. Div. 674; *Matter of N. Y. County Lawyers' Assn.* v. *Lehman,* 256 App. Div. 677; *Matter of New York County Lawyers' Assn.* v. *Epter,* 178 Misc. 907; *Matter of N. Y. Co. Lawyers' Assn.* [*S. T. & M. Corp.*], 181 Misc. 632).

Respondent asserts that in the particular instance recited in the petition as illustrative of his activities it was his wife and not himself who prepared the petition in the dispossess proceeding there mentioned, and that his wife was the petitioner therein; and his counsel urges that the law authorized the wife to be the petitioner as the landlord's agent (Civ. Prac. Act, § 1414) and that she had a legal right to prepare her own petition. I am not impressed by that argument. Although respondent's wife was the petitioner, she was petitioner, not in her own right or interest, but as agent of the landlord, and in authorizing a petition by the landlord's agent (Civ. Prac. Act, § 1414) the Legislature clearly was not authorizing landlords to have lay agents perform legal services or to perform legal services themselves (see *Finox Realty Corporation* v. *Lippman,* 163 Misc. 870; *Hillside Housing Corp.* v. *Eisenberger,* 173 Misc. 75).

The motion is accordingly granted; respondent is adjudged guilty of contempt and fined $200. I would also enjoin his further activities if it were not for the fact that the petition and order to show cause ask for that relief only as an alternative to an adjudication of contempt; but the adjudication perhaps will be as efficacious in stopping respondent's activities as a formal injunction would be. If not, a new application may be made. Settle order.